STATE OF MAINE                          UNIFIED CRIMINAL DOCKET
CUMBERLAND, ss.                         PORTLAND
                                        DOCKET NO. CD-CR-18-2275

STATE OF MAINE

v.                                      ORDER ON DEFENDANT'S
                                        MOTION FOR NEW TRIAL

JOHN WILLIAMS,
        Defendant

After reviewing the applicable case law and statutes as well as having an opportunity to review the briefs of counsel, the Court enters the following **Order** for the reasons stated below:

## I. Procedural History:

1.  Rule 33 of the Unified Rules of Criminal Procedure permits the Court upon motion of a Defendant to grant a new trial "in the interest of justice." If the ground for the motion rests on newly discovered evidence, the motion must be made before or within two years after entry of the judgment in the Unified Criminal Docket.

2.  Defendant was tried and convicted of murder on June 18, 2019 and sentenced to life imprisonment on September 12, 2019. His appeal of the jury verdict and the sentence imposed was denied by the Law Court on November 3, 2020.

3.  The pending motion was filed on February 12, 2021. In his motion Defendant contended that "the State willfully withheld impeaching evidence that caused significant prejudice to Defendant and Defendant meets all the requirements under *Brady* and *Giglio* to warrant a new trial." *See* Defendant's Motion For New Trial dated 2/12/21 at p. 2-3.

4.  Specifically, Defendant contended that one of the State's witnesses was disciplined for failing to provide notice to his supervisor "of a potential act of misconduct and to provide proper documentation of the misconduct." Defendant contended further that such evidence was "both exculpatory and impeaching, was withheld either intentionally or inadvertently, and Defendant was prejudiced by lack of production of the same, meeting all three elements of a *Brady/Giglio*

REC'D CUMB CLERKS OFFI
SEP 21 '21 PM2:26

violation." *See* Defendant's Memorandum in Support of Motion For New Trial dated 3/19/21 at p. 1-3.

5. The State responded that the fact that the witness "was deemed to have violated an internal reporting process within the State Police is neither exculpatory nor material to Williams's guilt or innocence and his motion should be denied." *See* State of Maine's Memorandum in Opposition To Defendant's Motion For New Trial dated 3/29/21 at p. 1.

6. The Court ordered the personnel investigation file concerning the witness be provided to the Court by Order dated 5/6/21 for *in camera* inspection. Thereafter, the Court by Order dated 6/3/21 authorized State's counsel and defense counsel to review the relevant materials contained in the file.

7. In Defendant's Brief In Support of Motion For New Trial filed 7/27/21, defense counsel contended that he was also unfairly denied information about the use of force administered by two other members of the group that arrested Defendant, and requested that the Court order the State to turn over to defense counsel "any and all evidence" of the investigation of one of the members, and grant Defendant a new trial, *see* aforementioned brief at ps. 4-6.

8. The State responded that the defense "had all the relevant information two months prior to the suppression hearing and six months prior to trial..." The State also pointed out that the undersigned found the Defendant's statements to be voluntary notwithstanding the conduct of the arresting officers that the undersigned described as the "initial impropriety by law enforcement." *See* State of Maine's Reply Memorandum dated 8/13/21 at p. 3-4.

## II. Discussion:

9. Because of the public interest in maintaining the integrity and finality of judgments, a defendant seeking a new trial based upon newly discovered evidence must show, by clear and convincing evidence, that

(1) the evidence is such as will probably change the result if a new trial is granted;
(2) it has been discovered since the trial;
(3) it could not have been discovered before the trial by the exercise of due diligence;
(4) it is material to the issue; and
(5) it is not merely cumulative or impeaching, unless it is clear that such impeachment would have resulted in a different verdict.

*State v. Daly*, 2021 ME 37, ¶ 47.

10. A mere possibility or chance of a different verdict is insufficient to grant a new trial; it must appear, in light of all the testimony, both new and old, that the jury ought to give a different verdict. *State v. Peaslee*, 2020 ME 105, ¶ 18.

2

11.     When the newly discovered evidence is merely impeaching, the standard is even higher, and the Law Court has required a showing of a "nearly certain change in result." *State v. Twardus*, 72 A.3d 523, 532 (Me. 2013).

12.     What the Law Court has described as "a somewhat less stringent standard applies, however, where a defendant alleges a violation of the State's obligations under *Brady v. Maryland*, 373 U.S. 83 (1963)" and *Giglio v. United States*, 405 U.S. 150 (1972). The three elements of a *Brady* violation are (a) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (b) that evidence must have been suppressed by the State, either willfully or inadvertently; and (c) prejudice must have ensued. *Strickler v. Greene*, 527 U.S. 263, 280-81 (1999).

13. Regardless of which test or tests described above the Court applies in this matter regarding newly discovered evidence and/or a violation of *Brady/Giglio*, the Court is left with the inescapable conclusion that a new trial should not be granted. It is difficult for the undersigned to understand how Trooper Maloon's discipline for violating an internal reporting process within the State Police could be considered as "exculpatory or impeachment evidence" and thus relevant or admissible at trial, especially when his trial testimony was arguably favorable to the Defendant.

14.     With respect to the "newly discovered evidence" test, the Court notes that the use of force at the time of Defendant's arrest was specifically testified to by Trooper Maloon first at the Motion to Suppress and then at the trial. The fact that Trooper Maloon was disciplined is not evidence that would probably change the result of Defendant's trial. The Court also does not find such evidence "material to the issue." *State v. Twardus, supra.*

15.     With respect to the *Brady/Giglio* test, the Court finds that the fact that the trooper was disciplined was not material because there is literally **little to no possibility**, much less **probability**, that if the defense had known about this evidence the result of the trial would have been different. The Court frankly agrees with the State when it argues that it makes no sense for the Defendant to attempt to impeach the one law enforcement witness who testified at trial to the use of force used against Defendant at the time of his arrest.

16.     Likewise, the Court is not going to "order the State to turn over any and all evidence of the investigation of Trooper Lang" as requested by defense counsel because, even if such evidence existed, something the State disputes, the Court finds that such evidence would not be material because there is literally **little to no possibility**, much less **probability**, that if the defense had known about this evidence the result of the trial would have been different. The Court also has serious reservations that such evidence, again assuming it exists, would be admissible evidence at trial.

17.     In conclusion, the Court finds no *Brady/Giglio* violation, and even assuming such a violation occurred, the Court finds no prejudice to the Defendant. The Court also declines to find **any** of the five prongs necessary under a "newly

3

discovered evidence" theory in order to justify a new trial being granted in this matter.

18. Accordingly, for the reasons stated above, Defendant's Motion for New Trial is **denied.**

Date: 9/21/21

BY _____

Robert E. Mullen, Chief Justice
Maine Superior Court

4